IN THE COURT OF APPEALS OF
MARYLAND

Misc. Docket AG No. 47

September Term, 2011

ATTORNEY GRIEVANCE
COMMISSION OF MARYLAND

v.

DENESE DOMINGUEZ

Bell, C.J.
Harrell
Battaglia
Greene
Adkins
Barbera
McDonald,

JJ.

Opinion by Battaglia, J.

Filed: July 3, 2012

Denese Dominguez, Respondent, was admitted to the Bar of this Court on June 17, 2008. On October 24, 2011, the Attorney Grievance Commission ("Bar Counsel"), acting pursuant to Maryland Rule 16-751(a),[1] filed a "Petition for Disciplinary or Remedial Action" against Dominguez, which incorporated three complaints. The first complaint was filed by Ms. Antonia K. Fasanelli regarding Dominguez's work at the Homeless Persons Representation Project ("Project"). The second and third complaints were related to Dominguez's representation of Wanda Suter in a wrongful termination action against her former employer, A.L. Goodies General Store.

With respect to the complaint regarding Dominguez's work at the Project, Bar Counsel alleged that Dominguez violated Maryland Lawyers' Rules of Professional Conduct 1.1 (Competence),[2]

---

[1]   Rule 16-751(a) provides, in relevant part:

   (a) **Commencement of disciplinary or remedial action.** (1) Upon approval or direction of Commission. Upon approval or direction of the [Attorney Grievance] Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals.

[2]   Rule 1.1 provides:

   A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

The relevant language of the Rules of Professional Conduct quoted throughout this opinion remains unchanged since 2009, when the actions in this case began to take place.

1.3 (Diligence),[3] 1.4 (Communication),[4] 1.16(d) (Declining or Terminating Representation),[5]

8.1(b) (Bar Admission and Disciplinary Matters),[6]

---

[3]     Rule 1.3 provides:

A lawyer shall act with reasonable diligence and promptness in representing a client.

[4]     Rule 1.4 provides:

(a) A lawyer shall:
(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these Rules;
(2) keep the client reasonably informed about the status of the matter;
(3) promptly comply with reasonable requests for information; and
(4) consult with the client about any relevant limitation on the lawyer's conduct when the lawyer knows that the client expects assistance not permitted by the Maryland Lawyers' Rules of Professional Conduct or other law.
(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[5]     Rule 1.16 provides, in relevant part:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6]     Rule 8.1 states, in pertinent part:

(continued...)

2

and 8.4(a), (c), and (d) (Misconduct)[7] by failing to complete and file expungement petitions on behalf of clients assigned to her, failing to terminate her representation of those clients and to return their records to the Project, failing to communicate with those clients, and by attempting to mislead Bar Counsel by stating that she had not been assigned a client, when, in fact, she knew that the client had been assigned to her. With respect to Dominguez's representation of Ms. Suter, Bar Counsel alleged that Dominguez violated Maryland Lawyers' Rules of Professional Conduct 1.1, 1.3, 1.4, and 8.4(a) and (d) by failing to respond properly to discovery requests in an employment suit she initiated on Ms. Suter's behalf, even after

---

[6](...continued)

> An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
>
> * * *
>
> (b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.

[7]     Rule 8.4 provides, in relevant part:

> It is professional misconduct for a lawyer to:
> (a) violate or attempt to violate the Maryland Lawyers' Rules of Professional Conduct . . . or do so through the acts of another;
> * * *
> (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
> (d) engage in conduct that is prejudicial to the administration of justice[.]

3

repeated orders from the Circuit Court, which resulted in an award of attorneys' fees against Ms. Suter; incorrectly informing Ms. Suter that she need not attend a hearing, which resulted in a Show Cause Order requiring Ms. Suter to show cause as to why her case should not have been dismissed with prejudice for Dominguez's failure to appear in court; and failing to appear in court on behalf of Ms. Suter at a subsequent hearing. In an Order dated November 2, 2011, this Court referred the three complaints, which had been consolidated into one Petition for Disciplinary or Remedial Action by Bar Counsel, to Judge Paul A. Hackner of the Circuit Court for Anne Arundel County for a hearing, pursuant to Rule 16-757.[8]

---

[8]     Rule 16-757 provides:

(a) **Generally.** The hearing of a disciplinary or remedial action is governed by the rules of evidence and procedure applicable to a court trial in a civil action tried in a circuit court. Unless extended by the Court of Appeals, the hearing shall be completed within 120 days after service on the respondent of the order designating a judge. Before the conclusion of the hearing, the judge may permit any complainant to testify, subject to cross-examination, regarding the effect of the alleged misconduct. A respondent attorney may offer, or the judge may inquire regarding, evidence otherwise admissible of any remedial action undertaken relevant to the allegations. Bar Counsel may respond to any evidence of remedial action.

(b) **Burdens of proof.** The petitioner has the burden of proving the averments of the petition by clear and convincing evidence. A respondent who asserts an affirmative defense or a matter of mitigation or extenuation has the burden of proving the defense or matter by a preponderance of the evidence.

(c) **Findings and conclusions.** The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the

(continued...)

Dominguez was personally served with a Petition for Disciplinary or Remedial Action, as well as this Court's Order, Writ of Summons, Interrogatories, Request for Production of Documents, and a Request for Admission of Facts and Genuineness of Documents. She did not file an Answer within fifteen days. An order of default was entered against her. A notice of the default order was mailed to her, as well as a notice of an evidentiary hearing to be held on February 28, 2012. Dominguez did not move to vacate the default order and failed to appear at the February 28 hearing.

Dominguez failed to appear at oral argument before this court. Immediately after oral argument, a Per Curiam Order disbarring Dominguez was entered on May 8, 2012. The Order stated:

> For reasons to be stated in an opinion later to be filed, it is this 8th day May, 2012,
>
> ORDERED, by the Court of Appeals of Maryland, that the respondent, Denese Dominguez, be, and she is hereby, disbarred, effective immediately, from the further practice of law in the State of Maryland; and it is further
>
> ORDERED that the Clerk of this Court shall strike the

---

[8](...continued)

> statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party.
>
> (d) **Transcript.** The petitioner shall cause a transcript of the hearing to be prepared and included in the record.
>
> (e) **Transmittal of record.** Unless a different time is ordered by the Court of Appeals, the clerk shall transmit the record to the Court of Appeals within 15 days after the statement of findings and conclusions is filed.

name of Denese Dominguez from the register of attorneys, and
pursuant to Maryland Rule 16-760(e), shall certify that fact to the
Trustees of the Client Protection Fund and the clerks of all
judicial tribunals in the State; and it is further

ORDERED that respondent shall pay all costs as taxed by
the Clerk of this Court, including the costs of all transcripts,
pursuant to Maryland Rule 16-761(b), for which sum judgment
is entered in favor of the Attorney Grievance Commission of
Maryland against Denese Dominguez.

We shall now explain the reasons for Dominguez's disbarment.

After hearing evidence presented by Bar Counsel, Judge Hackner issued the following

Findings of Fact and Conclusions of Law:[9]

### Findings of Fact

Respondent was admitted to the Maryland Bar on June 17,
2008.  Respondent maintained a virtual office at 400 East Pratt
Street, Suite 800 Baltimore, MD 21211 until sometime in 2011,
when she no longer utilized the facility.  Respondent most
recently maintained a law office in her home located at 8552
O'Keefe Drive Severn, Maryland 21144.

### Respondent's Misconduct Related to the Homeless Persons Representation Project

Sometime in June 2006, Respondent began to serve as a
volunteer attorney for the Homeless Persons Representation
Project, (HPRP). HPRP staff members assigned the Respondent
the duty of completing expungement petitions *pro bono* on behalf
of several homeless persons.  The expungement filings were time
sensitive matters since homeless persons commonly encounter
law enforcement officials during their daily routines.

---

[9]     The Findings of Fact and Conclusions of Law contain a typographical error
in which Rule 16-736(d), relating to the approval of a Conditional Diversion Agreement
by the Attorney Grievance Commission, is referred to as Rule 16-731(d), which governs
the length of time of Bar Counsel has to complete its investigations.

At the November 2009 HPRP attorneys' meeting, Respondent appeared without her clients' files and requested permission to send her prepared expungement petitions to HPRP prior to the December 2009 attorneys' meeting.

By December 2009, HPRP had not received the completed expungement petitions that Respondent had promised to submit at the November attorneys' meeting.

On December 15, 2009, Respondent and HPRP client, George A. Lee, both signed an HPRP retainer agreement and Mr. Lee's expungement petition.

On June 29, 2010, Antonia Fasanelli, HPRP Executive Director filed a complaint with the Attorney Grievance Commission. On August 12, 2010, Respondent provided a response to Ms. Fasanelli's complaint and denied that George Lee was her client. On October 6, 2010, Sterling Fletcher, Commission Investigator, retrieved Respondent's HPRP files, including Mr. Lee's file, during Mr. Fletcher's interview with Respondent. On January 24, 2011, the Respondent entered into a Conditional Diversion Agreement with the supervision of a law practice monitor. Shortly after the Conditional Diversion Agreement was signed, Respondent failed to communicate with both her law practice monitor and Bar Counsel.

Revocation of Respondent's Conditional Diversion Agreement

On January 24, 2011, the Attorney Grievance Commission approved a Conditional Diversion Agreement between Bar Counsel and Respondent, pursuant to Maryland Rule 16-731(d). By signing the Agreement, Respondent acknowledged engaging in professional misconduct that violated Rules 1.1, 1.3, 1.4(a), 1.16(d), and 8.4(d) of the Maryland Lawyers' Rules of Professional Conduct in relation to her representation.

In the Conditional Diversion Agreement, the Respondent acknowledges that she failed to act with reasonable diligence in representing clients at HPRP where the Respondent served as a volunteer attorney. Respondent also failed to respond to Ms. Fasanelli's requests for client files, and to communicate with her clients or terminate her relationship with her HPRP clients.

Under the Conditional Diversion Agreement, Respondent agreed to a course of remedial action that required her compliance with the terms of the Agreement, including the

monitoring of her practice by a law practice monitor, expressly conditioned on Respondent not engaging in any further conduct that would constitute professional misconduct.

During the pendency of the Conditional Diversion Agreement, Bar Counsel received two (2) related grievance complaints alleging additional misconduct by Respondent in connection with her representation of Wanda Suter.

The Respondent failed in a material way to comply with the conditions of the Conditional Diversion Agreement.

On or about June 2, 2011, Bar Counsel filed a Petition to Revoke Conditional Diversion Agreement pursuant to Maryland Rule 16-736(f)(2). The respondent did not file a written response to the petition.

On July 28, 2011, Bar Counsel received notice that the Attorney Grievance Commission, having concluded that Respondent was in material default of the Conditional Diversion Agreement, revoked the Agreement pursuant to Rule 16-736(f)(3). The Commission's notice further directed Bar Counsel to proceed in accordance with Rule 16-751.

<u>Respondent's Misconduct Related to Her Representation of Wanda Suter</u>

On or about October 11, 2009, Respondent was retained by Wanda M. Suter to represent Suter in an employment matter related to wrongful termination on a contingency fee basis. On January 4, 2010, Respondent filed suit on behalf of Suter in the Circuit Court for Anne Arundel County against Suter's former employer's property management company, HP Properties Management ("HP Management"). On May 18, 2010, HP Management filed a Motion for Sanctions and/or a Motion to Compel after the Respondent failed to respond to discovery that had been served upon her on April 15, 2010. On June 23, 2010, the Court ordered the Respondent to answer HP Management's discovery within thirty days of the aforementioned order.

On July 19, 2010, Respondent filed an answer to HP Management's discovery. On July 26, 2010, Respondent filed the Plaintiff's Designation of Expert Witness. On August 13, 2010, HP Management moved to strike Plaintiff's Designation of Expert Witness. On September 9, 2010, HP Management filed a "Motion for Sanctions or, in the Alternative, An Order

Compelling Discovery and a Request for Award of Attorney's Fees." On October 12, 2010, the Court denied HP Management's Motion to Strike and ordered the Respondent to answer all interrogatories related to Suter's expert witness within fifteen (15) days.

On October 26, 2010, the Court ordered Suter to pay $250.00 in attorney's fees to HP Management within fifteen (15) days of the date of the order and produce full and complete responses to HP Management's discovery request due to the Respondent's inability to respond to discovery.

On November 16, 2010, HP Management filed a third Motion for Sanctions and a second Motion to Strike Suter's Designation of Expert Witness. On January 13, 2011, Suter sent a text message to Respondent's cellular telephone which asked her to contact Ronald Grossman, a case worker with PBJ Consultants assisting Suter with health matters. Sometime in late January 2011, Respondent informed Mr. Grossman, "that she had gotten in over her head with Suter's case and could not handle it any more." Respondent failed to terminate her representation.

In late January 2011, Respondent incorrectly informed her client that she did not need to appear in court on February 1, 2011 for a hearing. Respondent did not appear either.

On February 1, 2011, the Court issued a Show Cause Order for Respondent's Failure to Appear and ordered that both parties appear in Court for a March 23, 2011 hearing. The Court also issued an Order precluding Suter from introducing her expert witness testimony.

On March 23, 2011, Respondent failed to appear or show cause in Court on behalf of Suter. The Honorable Arthur M. Ahalt issued an Order assessing fees against Respondent in the amount of $1,200.00 for Robert Kostecka, HP Management's counsel, and Suter's former employer, Michael Blonder, in the amount of $280.00. In addition, Judge Ahalt ordered that "this matter be referred to the Maryland Attorney Grievance Commission for appropriate investigation." On March 24, 2011, Michele L. Houston, Civil Case Coordinator for the Circuit Court for Anne Arundel County, sent Bar Counsel a copy of Judge Ahalt's Order which cited Respondent's failure to appear.

On April 10, 2011, Suter also filed a complaint with the Commission against Respondent. On April 26, 2011, Leslie Pladna, Esquire, Suter's subsequent counsel, filed a "Plaintiff's

9

Ex Parte Emergency Motion to Dismiss Action Without Prejudice" with the Court.  On May 25, 2011, Suter's Motion to Dismiss was granted without prejudice by the Court.

### Conclusions of Law

This court finds that there was clear and convincing evidence presented to establish the allegations of the Commission's Petition for Disciplinary or Remedial Action against Respondent and that such evidence supports each violation of the Maryland Lawyers' Rules of Professional Conduct charged in the Petition.

### Respondent's Misconduct Related to the Revocation of Respondent's CDA And the Homeless Persons Representation Project

Based upon Respondent's acknowledgment of misconduct contained within the paragraph 2 of the Conditional Diversion Agreement that she voluntarily signed, this court concludes that Respondent violated the following Maryland Lawyers' Rules of Professional Conduct in connection with her representation of seven (7) Project clients as described in the matter docketed as BC Docket No. 2011-015-02-16, which was a complaint filed by Antonia Fasanelli:

**Rule 1.1**
A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

**Rule 1.3. Diligence.**
A lawyer shall act with reasonable diligence and promptness in representing a client.

**Rule 1.4. Communication.**
(a)  A lawyer shall:
keep the client reasonably informed about the status of the matter;

**Rule 1.16. Declining or Terminating Representation.**
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

**Rule 8.4. Misconduct.**
It is professional misconduct for a lawyer to:
(d) engage in conduct that is prejudicial to the administration of justice;

By violating the aforementioned Rules of Professional Conduct, it follows that Respondent committed professional misconduct in violation of Rule 8.4(a).

In addition, on August 12, 2010, Respondent wrote a response to Bar Counsel to Ms. Fasanelli's complaint denying that she had ever been retained by Mr. Lee. Respondent's denial of being retained by Mr. Lee constitutes a misrepresentation to Bar Counsel and therefore is a violation of 8.4(c).

Finally, this court concludes that Respondent's failure to comply with the remedial terms and conditions of the Conditional Diversion Agreement, including but not limited to her failure to provide the law practice monitor designated to report to Bar Counsel with access to information he needed to fulfill his reporting obligations, constituted conduct prejudicial to the administration of justice. By engaging in conduct prejudicial to the administration of justice, Respondent violated Rule 8.4(d).

Additionally, Respondent violated Rule 8.1(b) by failing to respond to Bar Counsel's lawful demands for information.

<u>Respondent's Misconduct Related to Her Representation of Wanda Suter</u>

Respondent failed to respond to discovery served by opposing counsel Mr. Kostecka on March 30, 2010. Although the Circuit Court repeatedly ordered Respondent to answer HP Management's discovery and finally issued sanctions,

11

Respondent failed to do so.  In addition, Respondent advised
Suter that she did not need to appear in court on February 1, 2011
for a hearing.  On February 1, 2011, the Court issued a Show
Cause Order for Respondent's Failure to Appear and ordered that
both parties appear in court for a March 23, 2011 hearing.
Respondent's failure to respond to discovery on behalf of Suter
and appear in court violates Rule 1.1 and 1.3, *Attorney Grievance
Commission v. Harris*, 366 Md. 376, 395, 784 A.2d 516, 527
(2001) and *Attorney Grievance Commission v. Tinsky*, 377 Md.
646, 835 A.2d 542 (2003).  Respondent's instruction to her client
not to appear at her February 1, 2011 hearing and her own failure
to appear on that date further constitute violations of Rule 1.1.

Respondent's failure to pursue Suter's case once Judge
Ahalt issued the Show Cause  order violated Rule 1.3.
Respondent's non-responsiveness to Suter also violated Rule
1.4(a)2 and 1.4(a)3 in that she failed to respond to Suter's
repeated attempts to reach the respondent beginning in January
2011.

Respondent's numerous violations of the Maryland
Lawyers' Rules of Professional Conduct as set forth above
constitute a violation of Rule 8.4(a), which provides that it is
professional misconduct for a lawyer to violate or attempt to
violate the Maryland Lawyers' Rules of Professional Conduct.

Respondent's continuous disregard for her client's
interests and failure to withdraw her appearance in Suter's case
constitute conduct prejudicial to the administration of justice.
Respondent's failure to respond to discovery resulted in
attorney's fees being assessed to Suter.  Respondent's failure to
appear for a court hearing and her abandonment of her client
further demonstrate a clear violation of Rule 8.4(d).  *Attorney
Grievance v. Mooney*, 359 Md. 56, 83, 753 A.2d 17, 31 (2000).

For these reasons, this court concludes that Respondent,
Denese Dominguez, Esquire violated Rules 1.1, 1.3, 1.4, 1.16(d),
8.1(b), and 8.4(a), 8.4(c) and (d) of the Maryland Lawyers' Rules
of Professional Conduct.

Essentially, Judge Hackner found that, while Dominguez was working on behalf of

clients assigned to her by the Homeless Persons Representation Project, she failed to act with

diligence in representing her clients, failed to respond to the Executive Director's requests to

12

have the client files returned to the Project, failed to communicate with her clients, failed to

effectively terminate her representation, and represented to Bar Counsel that a Mr. Lee was

not her client when she knew that he had been assigned to her and had entered into a *pro bono*

retainer agreement with him.  Moreover, Judge Hackner found that Dominguez admitted that

these actions violated the Maryland Lawyers' Rules of Professional Conduct when she entered

into the Conditional Diversion Agreement with Bar Counsel in an attempt to avoid formal

disciplinary proceedings, an agreement that she subsequently violated.[10]  The Agreement

provided, in pertinent part:

> Respondent acknowledges that she failed to act with
> reasonable diligence in representing five (5) clients at the
> Homeless Persons Representation Project ("HPRP") where the
> Respondent served as a volunteer attorney filing Petitions for
> Expungement.   Respondent failed to file Petitions for
> Expungement, failed to communicate with her clients and
> terminated her representation with her HPRP clients without their
> knowledge.  Respondent failed to respond to Complainant's
> request for client files so new counsel could be assigned to the
> cases.  Such conduct violated rules 1.1, 1.3, 1.4(a), 1.16(d) and
> 8.4(d) of the Maryland Rules of Professional Conduct.

With respect to her representation of Ms. Suter, Judge Hackner found that Dominguez

failed to respond to multiple discovery requests from opposing counsel during the course of

litigation.  This failure led to a court order compelling Dominguez to respond appropriately

to the discovery requests, to which Dominguez did not respond.  Because Dominguez did not

---

[10]     The Conditional Diversion Agreement referred to five Project clients that
Dominguez represented, while the hearing Judge referenced seven.  The difference is
without significance to our decision in this matter.

13

abide by the court order, Ms. Suter was assessed $250 in attorneys' fees incurred by her opponent.

Judge Hackner also found that, subsequently, Ms. Suter directed Dominguez to speak with Ms. Suter's case worker, who was helping her with health issues.  In speaking with him, Dominguez stated "that she had gotten in over her head with Suter's case and could not handle it any more," but she did not terminate her representation.  Judge Hackner found that, shortly thereafter, Dominguez incorrectly informed Ms. Suter that Ms. Suter did not need to be present at an upcoming hearing, which neither of them attended, resulting in a Show Cause Order requiring both Dominguez and Ms. Suter to attend a hearing on why they failed to appear.  Finally, Judge Hackner found that Dominguez failed to attend the Show Cause Hearing, during which the judge assessed fees against Dominguez in the amount of $1,480 and ordered that Dominguez be referred to the Attorney Grievance Commission.

Because neither party filed any exceptions, we accept Judge Hackner's findings of fact as established by clear and convincing evidence, pursuant to Maryland Rule 16-759(b)(2)(A), and turn now to reviewing his conclusions of law.  *Attorney Grievance v. Tinsky*, 377 Md. 646, 653, 835 A.2d 542, 546 (2003).

We agree with Judge Hackner's conclusion that Dominguez violated Rules 1.1, 1.3, 1.4(a), 1.16(d), and 8.4(d) based not only on his specific findings, but also upon Dominguez's admissions of misconduct and violations of the specified Rules contained in the Conditional Diversion Agreement. *See Attorney Grievance v. Brown*,__Md.__, __ A.3d__ (2012) (noting that a revoked Conditional Diversion Agreement is evidence of misconduct against a

14

respondent in a subsequent disciplinary proceeding).  The Rules violations also constitute a violation of Rule 8.4(a), because "it is well established that various rule violations, of themselves, are sufficient to support a violation" of Rule 8.4(a).  *Attorney Grievance v. Seltzer*, 424 Md. 94, 114, 34 A.3d 498, 510 (2011).

With respect to the 8.1 violation, Rule 8.1(b) prohibits knowingly failing to respond to a lawful demand for information from Bar Counsel.  Dominguez violated this Rule by failing to respond to Bar Counsel's demands for information for her progress with respect to the Conditional Diversion Agreement as well as after its revocation.  In this regard, we reiterated recently in *Attorney Grievance v. Nelson*, 425 Md. 344, 40 A.3d 1039 (2012), that, "repeated failures to respond to Bar Counsel's investigative requests can be violative of Rule 8.1."  *Id*. at 362, 40 A.3d at 1049.

Dominguez also violated Rules 8.4(c) and (d), prohibiting conduct that is dishonest and prejudicial to the administration of justice, respectively, based on her denial to Bar Counsel of representing Mr. Lee, one of her clients through the Project, even though she signed a retainer agreement with Mr. Lee.  This was clearly a false statement and is, therefore, a violation of Rules 8.4(c) and (d) under the principle espoused in *Attorney Grievance v. Payer*, 425 Md. 78, 38 A.3d 378 (2012), in which we concluded that false statements made to Bar Counsel during an investigation of Payer violated Rules 8.4(c) and (d).

With respect to the complaints regarding Dominguez's representation of Ms. Suter, we agree with Judge Hackner that Dominguez violated Rules 1.1, 1.3, 1.4(a)(2), 1.4(a)(3), 8.4(a), and 8.4(d).

15

Rule 1.1 requires an attorney to provide competent representation on behalf of her clients. In this case, Dominguez failed to respond to repeated discovery requests, even after a court order to do so, resulting in sanctions against Ms. Suter. Moreover, Dominguez advised her client not to attend a hearing and did not appear herself. Finally, Dominguez did not attend the Show Cause Hearing. Her failure to respond to discovery requests and to appear for required hearings are actions that violate Rule 1.1. *See Attorney Grievance v. Brady*, 422 Md. 441, 457, 30 A.3d 902, 911 (2011) (holding that failing to attend scheduled conferences and to respond to legal filings are violations of this Rule).

Dominguez also violated Rule 1.3, which requires an attorney to act with reasonable diligence and promptness when handling client matters, because she failed to respond to opposing counsel's discovery requests after having been ordered to do so by the Circuit Court. *See Attorney Grievance v. Tinsky*, 377 Md. at 651, 835 A.2d at 544-545 (finding a violation of Rule 1.3 when Tinsky failed to file materials in a bankruptcy proceeding despite having been requested to do so by the Court).

Rules 1.4(a)(2) and (a)(3) require an attorney to keep a client reasonably informed as to the status of the client's matter and to promptly respond to client requests for information about the client's case. Dominguez failed to respond to Suter's repeated requests for information over a period of four months. In *Attorney Grievance v. Nelson*, 425 Md. 344, 40 A.3d 1039, we were confronted with a similar situation involving an attorney who did not respond to his client's attempts to contact him telephonically. We concluded that Nelson violated both Rules 1.4(a)(2) and (a)(3) by failing to respond. Likewise, Dominguez failed

16

to respond to Ms. Suter's repeated attempts to communicate with her regarding the status of Suter's case, and, therefore, violated Rules 1.4(a)(2) and 1.4(a)(3).

Finally, we agree with Judge Hackner that Dominguez violated Rules 8.4(a) and (d). The violation of Rule 8.4(d) is based on Dominguez's failure to attend hearings on behalf of Ms. Suter and Dominguez's failure to withdraw her representation in a timely manner.  In *Attorney Grievance v. Mooney*, 359 Md. 56, 83, 753 A.2d 17, 31 (2000), we held that an attorney's willful failure to attend a hearing on behalf of his client was a violation of Rule 8.4(d), because it prevents the Court from conducting its business and adversely impacts his clients.  Here, Dominguez failed to appear at various hearings, although ordered to do so, which is evidence of a clear violation of Rule 8.4(d) under *Attorney Grievance v. Mooney*. The Rule 8.4(a) violation is premised on Dominguez's violation of the aforementioned Rules in connection with her representation of Ms. Suter.  Again, violations of other Rules of Professional Conduct constitutes a violation of Rule 8.4(a).  *Attorney Grievance v. Seltzer*, 424 Md. at 114, 34 A.3d at 510.

Bar Counsel recommended disbarment for Dominguez's "pattern of inattention to her clients' cases" and her failure to protect her clients' interests and argued that four aggravating factors contained in the American Bar Association Standards for Imposing Lawyer Sanctions, to which we have often looked for guidance, apply in this case.  Section 9.22 of the American Bar Association Standards provides that aggravating factors can include:

> (a) prior disciplinary offenses;
> (b) dishonest or selfish motive;
> (c) a pattern of misconduct;

17

(d) multiple offenses;
(e) bad faith obstruction of the disciplinary proceeding by
intentionally failing to comply with rules or orders of the
disciplinary agency;
(f) submission of false evidence, false statements, or other
deceptive practices during the disciplinary process;
(g) refusal to acknowledge wrongful nature of conduct;
(h) vulnerability of victim;
(i) substantial experience in the practice of law;
(j) indifference to making restitution.

*Attorney Grievance v. Seltzer*, 424 Md. at 116-17, 34 A.3d at 511-12.  Bar Counsel argued

that factors (c),(e),(f),and (h) apply in this case.  We agree.

With respect to factor (c), Dominguez neglected the welfare of at least five clients at

the Project and also neglected Ms. Suter's suit.  Dominguez's acts of neglect involved

multiple clients over a period sixteen months, thereby implicating a "pattern of misconduct."

*See Attorney Grievance v. Coppola,* 419 Md. 370, 406, 19 A.3d 431, 453 (2011) (applying

this factor when an attorney engaged in misconduct involving "a series of acts over a number

of days").

Dominguez provided false information to Bar Counsel during the initial investigation

of the Project's claims and failed to respond to lawful requests from Bar Counsel during the

investigation following Ms. Suter's complaint.  Dominguez's false statement to Bar Counsel

clearly implicates factor (f), and her failure to respond to subsequent, repeated requests for

documents implicates factor (e).  *Attorney Grievance v. Nelson*, 425 Md. at 364, 40 A.3d at

1050 ("Given Respondent's repeated failures to respond to Bar Counsel, aggravating factor

(e) is applicable.").

18

Finally, factor (h) is implicated with respect to Dominguez's representation of her homeless clients, who are clearly victims, because the homeless lack the resources and the capability to safeguard their own interests. *See In re Allen*, 949 P.2d 710, 721 (Or. 1997) (applying the aggravating factor of "vulnerability of the victim" to an attorney's misconduct involving a homeless criminal defendant); *see also Attorney Grievance v. Whitehead*, 405 Md. 240, 263, 950 A.2d 798, 812 (2008) (applying this factor to representation of a disabled adult who could not protect his interests); *Attorney Grievance v. Thompson*, 367 Md. 315, 331, 786 A.2d 763, 773 (2001) (applying this factor to representation a child).

We often have stated that the purpose of imposing sanctions for violations of the Rules of Professional Conduct is to protect the public. *Attorney Grievance v. Seltzer*, 424 Md. at 116, 34 A.3d at 511. In *Attorney Grievance v. Fox*, 417 Md. 504, 11 A.3d 762 (2010) we considered the issue of an appropriate sanction for an attorney who had violated Rules 1.1, 1.3, 1.4, 1.16, 8.1(b), and 8.4(a), (c), and (d) – those Rules that Dominguez also has violated. In that case, Fox was found to have effectively abandoned his representation of two clients involved in an automobile tort suit, to have made a false statement to his clients about that suit, to have failed to keep his clients informed of the status of their cases, and to have failed to respond timely to Bar Counsel's lawful demands for information, as well as other misconduct. We held that the appropriate sanction in that case was disbarment, because "[t]he combination of Respondent's violations – in particular, abandonment of his clients, misrepresentation, and failure to cooperate with Bar Counsel's investigation – convinces us that Respondent is unfit to practice law. . . ." *Id*. at 544-45, 11 A.3d at 785. Just as Fox was

19

unfit to practice law, so too is Dominguez.

Accordingly, we have disbarred the Respondent, Denese Dominguez.